UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FREEDOM BANC MORTGAGE
SERVICES, INC.,

        Plaintiff,

                                        Case No. 2:11-cv-01073

    v.                                   JUDGE GREGORY L. FROST
                                            Magistrate Judge Deavers

NORMA LYNN O'HARRA, et al.,

        Defendants.

### OPINION AND ORDER

       This matter is before the Court for consideration of O'Harra's motion for sanctions and fees against Freedom Banc Mortgage Services (ECF No. 66), Freedom Banc Mortgage Services's memorandum in opposition (ECF No. 76), and O'Harra's reply memorandum (ECF No. 77).  For the reasons stated below, the Court **DENIES** the motion for sanctions and fees.

**I. Background**

       Freedom Banc Mortgage Services ("FBMS") is an Ohio corporation not in good standing.  Norma Lynn O'Harra ("O'Harra") is a former employee of FBMS and the only defendant seeking sanctions and fees.  The parties before this Court have a sordid litigation history.  In 2009, FBMS filed a complaint against O'Harra alleging breach of contract, unjust enrichment, and fraud.  *Freedom Banc Mortg. Servs., Inc. v. O'Harra*, Franklin C.P. No. 09CVC-09-14624 (Ohio C.P. Ct. Sept. 29, 2009).  The complaint alleged that O'Harra was paid to complete work, but FBMS later discovered that she had overstated the numbers of hours that she worked and did not complete the work she was paid to perform.  *Id.*  FBMS was awarded

1

default judgment and O'Harra was ordered to pay $24,354.04.  *Freedom Banc Mortg. Servs., Inc. v. O'Harra*, Franklin C.P. No. 09CVC-09-14624 (Ohio C.P. Ct. May 25, 2010).  The default judgment and award were subsequently vacated.  *Freedom Banc Mortg. Servs., Inc. v. O'Harra*, Franklin C.P. No. 09CVC-09-14624 (Ohio C.P. Ct. Aug. 27, 2012).  The case was later dismissed without prejudice for failure to prosecute.  *Freedom Banc Mortg. Servs., Inc. v. O'Harra*, Franklin C.P. No. 09CVC-09-14624 (Ohio C.P. Ct. May 9, 2013).

In January 2011, FBMS, through Laura Harris, filed a complaint against O'Harra in the Franklin County Court of Common Pleas.  *Freedom Banc Mortg. Servs., Inc. v. O'Harra*, Franklin C.P. No. 11CVH01-1198 (Ohio C.P. Ct. Jan. 26, 2011).  The complaint alleged that O'Harra "hacked" into FBMS's computer system and remotely accessed files without permission.  *Id.*  Laura Harris is the wife of FBMS's president, Stephen Harris.  Mrs. Harris is not an attorney and was not legally allowed to file a lawsuit for FBMS.  The court dismissed the complaint *sua sponte*.  *Freedom Banc Mortg. Servs., Inc. v. O'Harra*, Franklin C.P. No. 11CVH01-1198 (Ohio C.P. Ct. Jan. 17, 2012).

In July 2011, Laura Harris again filled a complaint against O'Harra for unauthorized use of property, invasion of privacy, and vandalism based on the same allegations of computer tampering as 11CVH01-1198 and on additional allegation of tampering with the Harris family's home computers.  *Harris v. O'Harra*, Franklin C.P. No. 11-CV-009011 (Ohio C.P. Ct. July 21, 2011).  Laura Harris voluntarily dismissed the action without prejudice in February 2012.  *Harris v. O'Harra*, Franklin C.P. No. 11-CV-009011 (Ohio C.P. Ct. Feb. 3, 2012).

FBMS, with proper legal representation, filed Case No. 2:11-cv-01073 against O'Harra

2

and the other named defendants on December 1, 2011.  (ECF No. 1.)  The complaint alleges

violations of the Computer Fraud and Abuse Act and the Electronic Communications Privacy

Act, trespass, conversion, conspiracy, and negligent supervision and discipline.  (*Id.* at Page ID #

5-9.)  The complaint is based on roughly the same allegations that underlie the state court cases,

mainly that O'Harra "hacked" FBMS's computers and servers.  (*Id.* at Page ID # 1-5.)  The

complaint also alleges that O'Harra's actions caused system failures on the computers, and

ultimately led FBMS to cease to conduct business in December 2010.  (*Id.* at Page ID # 5.)

Since filing Case No. 2:11-cv-01073, FBMS has employed several different attorneys.

Its first attorney, David T. Ball, withdrew from representation on July 23, 2012 after being

terminated by Stephen Harris. (ECF No. 35.)  FBMS next employed attorneys Christopher T.

Junga and Mark Andrew Chuparkoff.  Junga and Chuparkoff withdrew February 1, 2013 based

on irreconcilable differences with FBMS.  (ECF No. 51.)  FBMS is currently represented by

Nathan D. Painter.

FBMS entered a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil

Procedure 41(a), signed by counsel for all parties.  (ECF No. 73.)  The case was terminated on

May 8, 2013.  The only remaining matter before the Court is this motion for sanctions.  The

remainder of this opinion will address only Case No. 2:11-cv-01073 and defendant O'Harra

unless otherwise indicated.

## II. Standards Involved

O'Harra is seeking sanctions and fees under Federal Rule of Civil Procedure 11, Ohio

Revised Code 2323.51, and the inherent powers of this Court.  O'Harra requests that this Court

3

(1) dismiss the instant case; (2) award reasonable attorneys fees and costs against FBMS and FBMS's counsel, jointly and severally; (3) enjoin FBMS from filing additional complaints against O'Harra without leave of the Court; and (4) grant any additional relief which is just and equitable.  This Court will not address the first request because the case has already been dismissed pursuant to the above mentioned stipulation, or the third request because, in its memorandum in opposition, FBMS has already agreed to be "enjoined from commencing suit against O'Harra in the U.S. District Court without leave of the Court."  (ECF No. 76 at Page ID # 1106-07.)

Federal Rule of Civil Procedure 11 gives the Court the power to impose sanctions on parties, attorneys, and law firms.  Fed. R. Civ. P. 11(c)(1).  Rule 11 states four grounds for imposing sanctions, but only two are relevant to the motion currently before this Court.  Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).  If the Court finds that Rule 11 has been violated then it can, but does not have to, impose sanctions on the attorneys and FBMS.  Fed. R. Civ. P. 11(c)(1).  *See also Hill v.*

4

*Mr. Money Fin. Co. & First Citizens Banc Corp.*, 309 F. App'x 950, 965 (6th Cir. 2009) (explaining that the imposition of sanctions for violations of Rule 11 is discretionary, not mandatory). Rule 11 does not apply to "disclosures and discovery requests, responses, objections, and motions." Fed. R. Civ. P. 11(d).

Courts are given great discretion in determining if sanctions are warranted. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). An attorney's actions are subject to an objective reasonableness standard under Rule 11. *Id.* The proper question is whether the attorney's conduct was reasonable under the circumstances. *Id.* (quoting *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 253 (6th Cir. 1988)). The circumstances should be viewed at the time the pleading or motion was filled and not with the benefit of hindsight. *Id.* (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)).

The Court may sanction represented parties under Rule 11. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 398 (6th Cir. 2009). The imposition of sanctions on a represented party is a "harsh remedy" that should be saved for "unusual circumstances" and with "sensitivity to the facts of the case and the party's financial situation." *Rodriquez v. Credit Bureau of Ypsilanti*, 14 F.3d 602 (6th Cir. 1993) (quoting *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988)). *See also Rentz*, 556 F.3d at 398 (stating that courts have generally declined to impose sanctions on represented parties).

Ohio Rev. Code §2323.51 is not applied in federal courts. It cannot provide alternative or additional grounds for the imposition of sanctions and fees. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529-30 (6th Cir. 2002) (affirming the district court holding

5

that Ohio Rev. Code §2323.51 is inapplicable in federal court because it is procedural, rather than substantive law). *See also Collins v. Allen*, No. 1:04-cv-572, 2005 WL 1073369, at *2 (S.D. Ohio Mar. 16, 2005); *Pettrey v. Enter. Title Agency, Inc.*, No. 1:05-cv-1504, 2006 WL 3342633, at *2 (N.D. Ohio Nov. 17, 2006).

### III. Discussion

This Court concludes that neither sanctions nor fees are warranted from the facts of this case. The attorneys' conduct, while not exemplary, was not objectively unreasonable under the circumstances; and FBMS did not engage in conduct egregious enough to warrant sanctions. Additionally, O'Harra offers the Court little more than conclusory statements to support its Rule 11 claims.

FBMS's counsel, collectively, was not unreasonable in filing the instant case. O'Harra points to the multiple state court cases as a clear sign that this litigation was initiated only to harass her. It is not clear from the circumstances that this litigation was initiated to harass the defendants or for any other improper purpose. O'Harra bases her conclusion on state court cases No. 11CVH01-1198 and No. 11-cv-009011. *See generally* Section I *ante*. Both cases were filed by Laura Harris, who is not an attorney, and dismissed, either on procedural grounds or voluntarily. It would not be unreasonable for an attorney to believe that FBMS had a proper purpose, and was not simply seeking to harass O'Harra.

The lack of evidence is likewise not a reason to sanction FBMS's attorneys. Computer hacking is difficult to prove. It was not unreasonable under the circumstances for the attorneys to have relied on FBMS's factual claims in filing Case No. 2:11-cv-01073. The law does not

require attorneys to be computer forensics experts in order to determine if a claim has merit.  The

attorney is only required to have an objectively reasonable belief that a claim "will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed.

R. Civ. P. 11(b)(3).  FBMS did provide evidence to the police, and presumably its attorneys, that

there was "malware and malicious software on his computer."  (ECF No. 66-4 at Page ID # 979.)

The inability of FBMS to provide causal evidence prior to discovery does not mean it was

unreasonable for counsel to believe such evidence existed.

   It was not objectively unreasonable for the attorneys to continue to prosecute the case.

Unfortunately there was a lot of change in representation that led to delays in discovery and

prosecution of the case.  But FBMS ultimately dismissed the complaint with prejudice.  It is not

clear that the delays were intended to harass, delay, or increase litigation costs.  The allegations

O'Harra makes are conclusory and based only on the fact that FBMS has previously pursued

similar litigation in state court and that causal evidence was not discovered immediately.

O'Harra's statements do not prove that the attorneys, any or all of them, acted beyond what was

reasonable under the circumstances.

   Furthermore, O'Harra has failed to provide this Court with enough to detail to conclude

what costs, if any, were caused by delays in the litigation.  O'Harra's attorney's bill (ECF No.

74-1) is vague and seems to include material that "represents general research not properly

billable to a single client," and that was not billed to O'Harra.  (ECF No. 74 at Page ID # 1090.)

The bill does not specify what actions, by which counsel, caused O'Harra to incur which

charges.  There are too many FBMS counsel that would ultimately be liable for costs that their

actions did not create. FBMS's counsel could have been far more diligent, but their actions do not necessitate that Rule 11 sanctions be levied against them.

As for FBMS itself, it is not clear that FBMS knowingly pursued claims that lacked factual support or that FBMS was using this litigation to harass O'Harra. And even if sanctions were warranted, the imposition of sanctions against FBMS would be an exercise in futility. FBMS, the only named plaintiff, is a defunct business that could not likely foot a $15,000 bill for fees. *See* Ohio Secretary of State Corporation Details, http://www2.sos.state.oh.us/pls/bsqry/ f?p=100:7:0::NO:7:P7_CHARTER_NUM:1306555 (last visited July 12, 2013). Moreover, the allegations made by O'Harra are conclusory and fail to show that FBMS engaged in conduct that warrants sanctions.

This Court recognizes its inherent authority to impose sanctions. Having concluded, however, that sanctions are inappropriate under Rule 11 and that the circumstances of FBMS and its counsel would render the imposition of joint and several liability unjust, the Court declines to exercise its power.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant O'Harra's motion for sanctions and fees. (ECF No. 66.)

**IT IS SO ORDERED**.

           /s/ Gregory L. Frost
           GREGORY L. FROST
           UNITED STATES DISTRICT JUDGE